Andrew Adams
(212) 957-3081
acadams@steptoe.com

Ross. Weingarten
(212) 378-7628
rossweingarten@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900 main
www.steptoe.com

**Steptoe**

June 23, 2025

**BY CM/ECF and Email to Chambers**
Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
Courtroom 15D
500 Pearl St.
New York, NY 10007-1312
Attn: Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Safelement Limited dba AMLBot v. Thompson et al.*, Case No. 25-cv-5130 (S.D.N.Y.)

Judge Torres:

On behalf of Circle Internet Financial, LLC ("Circle"), we write to object to the Ex Parte Motion for Temporary Restraining Order (the "TRO Application") filed by Plaintiff Safelement Ltd. dba AMLBot ("Plaintiff") on June 20, 2025 in the above-captioned matter. Dkt. 6.[1] Here, we set forth two bases for the Court to reject the emergency, *ex parte* relief requested by the Plaintiff.

---

[1] For the avoidance of doubt, Circle's objection to the TRO Application on the grounds set forth below is not intended to waive any arguments as to the propriety of service, existence of personal jurisdiction over Circle, or the merits of the underlying dispute, and Circle expressly reserves its right to file a motion to dismiss based on insufficient service of process, personal jurisdiction, and any other available grounds. *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) ("A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer."); *see also* Fed. R. Civ. P. 12(h)(1) (outlining when objections to, among other things, personal jurisdiction and insufficient service of process are considered to be waived).

We also note that the other purported garnishee named in the Complaint, Centre Consortium, LLC, is no longer an extant entity, having filed a Certificate of Cancellation with the Secretary of State of the State of Delaware on December 27, 2023. A copy of that Certificate of Cancellation is included as Exhibit A hereto.

*First*, the Court lacks subject-matter jurisdiction over this case. A court cannot grant a preliminary injunction or a temporary restraining order if it lacks subject-matter jurisdiction. *Seibel v. Frederick*, No. 20 CIV. 2603, 2020 WL 1847792, at *1 (S.D.N.Y. Apr. 13, 2020) ("Because the Court lacks subject matter jurisdiction, it must deny Seibel's motion [for a temporary restraining order and preliminary injunctive relief] and dismiss this case at the threshold, without substantively resolving Seibel's request for emergency injunctive relief."). Diversity jurisdiction, the only form of subject-matter jurisdiction alleged by Plaintiff, Compl. ¶¶ 8-9, does not exist "where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). As alleged in the Complaint, Plaintiff is a citizen of Hong Kong and Defendant Robert Thompson ("Defendant") is a citizen of Greece, Compl. ¶ 9, and therefore this is a case "where the only parties are foreign entities." 293 F.3d at 581. Even were Circle a proper party to this action, which Circle strenuously denies, this would not cure the deficiency identified in *Universal Licensing* as, at least on the Plaintiff's side of the controversy, "there are only aliens." *Id.*

*Second*, even if the Court had subject-matter jurisdiction over this case, the TRO Application should not be granted as to Circle because the Plaintiff appears unlikely to succeed on the merits as to any claim for a pre-judgment restraint of assets. District courts have "no authority to issue a preliminary injunction preventing [a defendant] from disposing of their assets pending adjudication of [a plaintiff's] contract claim for money damages." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Although Plaintiff attempts to construe his claim as both a contractual violation *and* an ostensible conversion, *see* Compl. ¶ 46 ("Plaintiff had an immediate possessory right to the stolen crypto Crypto [sic] Assets per its agreement with Defendant"), that framing is contradicted by the text of the relevant contract, which Plaintiff appends to its Complaint. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 607 F. Supp. 2d 500, 502 (S.D.N.Y. 2009) ("Where a conclusory allegation in the complaint conflicts with a statement made in a document attached to the complaint, the document controls and the allegation is not accepted as true."). That contract contains a promise to pay Plaintiff that also indicates that *Defendant* retained title to the allegedly converted funds. Dkt. 1-1, Exhibit A to Complaint at 2-3 ("Client also agrees to pay a success fee of 20% of the total amount of Client's funds *upon returning such Client's funds to Client's ownership* . . . ." (emphasis added)). Given the Plaintiff's allegations and appended agreements, there is a low likelihood of success at least as to Plaintiff's demand for a pre-judgment injunction.

\* \* \*

For the foregoing reasons, Circle respectfully requests that the Court deny Plaintiff's Ex Parte Motion for Temporary Restraining Order or, at a minimum and in the alternative, defer consideration of any preliminary injunctive relief directed to Circle until receiving full briefing on these matters.

Sincerely,

Andrew C. Adams
Ross Weingarten
Steptoe LLP
1114 Avenue of the Americas
New York, NY 10036
acadams@steptoe.com

*Counsel for Circle Internet Financial, LLC*

cc: Counsel for Plaintiff (via ECF and Email)